JS-6

FILED
CLERK, U.S. DISTRICT COURT

8/4/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 16-03815-MWF(GJSx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | |
| $52,614.23 FROM JP MORGAN CHASE BANK ACCOUNT '1672 AND $10,892.00 IN U.S. CURRENCY, | |
| Defendants. | |
| ISIDRO SOLORIO AND ZERATY, LLC. (OWNED BY CLAUDIA VERA), | |
| Claimants. | |

Plaintiff United States of America (the "government") and claimants Isidro Solorio ("Solorio") and Zeraty, LLC. (owned by Claudia Vera) ("Zeraty") (collectively, the "claimants") have entered into a stipulated request for the entry of this consent judgment of forfeiture resolving all interests the claimaints may have in the defendant assets, namely, $52,614.23 from JP

Morgan Chase Bank Account '1672 ("defendant bank funds") and $10,892.00 in U.S. currency (the "defendant currency") (collectively, the "defendant assets").

This civil forfeiture action was commenced on June 1, 2016. Plaintiff has given and published notice of the action as required by law and the Local Rules of this Court. On September 23, 2016, Solorio filed a claim to the defendant bank funds only ($52,614.23), and filed an answer on May 1, 2017 (Dkts. 17 & 34). On September 12, 2016, Zeraty filed a verified claim to the defendant currency only ($10,892.00), and filed an answer on March 31, 2017 (Dkts. 14 & 29). No other claim or answer concerning the defendant assets has been filed, and the time for filing claims and answers has expired.

The Court has been duly advised of and has considered the matter. Based upon the mutual consent of the parties hereto and good cause appearing therefor, the Court hereby **ORDERS, ADJUDGES, AND DECREES** that $47,414.23 of the defendant bank funds and $892.00 of the defendant currency, plus all interest earned by the government on the full amount of the defendant assets since seizure, is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

Five thousand two hundred dollars ($5,200.00) of the defendant bank funds, without interest, shall be returned to Solorio. The funds are to be made payable via ACH deposit. Solorio agrees that he will provide the information necessary to facilitate such payment according to law. Solorio cannot claim any right, title, or interest as to the remaining defendant asset, to wit, the defendant currency ($10,892.00).

Ten thousand dollars ($10,000.00) of the defendant currency, without interest, shall be returned to Zeraty.  The funds are to be made payable via ACH deposit.  Zeraty agrees that it will provide the information necessary to facilitate such payment according to law.  Zeraty cannot claim any right, title, or interest as to the remaining the defendant asset, to wit, the defendant bank funds ($52,614.23).

            The Court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action.  This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

            Each party shall bear its own fees and costs in connection with the seizure, retention, and return of the defendant assets.

DATED: August 4, 2017

_____
HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE